IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ERIC-CANTRELL HOLMES, #786465 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:17v197 |
| LORIE DAVIS, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Eric-Cantrell Holmes, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #8) concluding that the lawsuit should be dismissed for purposes of *in forma pauperis* proceedings pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g). Mr. Holmes has filed objections (Dkt. #9).

Mr. Holmes has a long history of filing frivolous lawsuits and appeals. The following lawsuits and/or appeals were dismissed as frivolous before the filing of the present lawsuit: *Holmes v. Harris County Sheriff's Dep't*, No. 99-20122 (5th Cir. June 16, 2000); *Holmes v. City of Houston*, No. 99-20919 (5th Cir. April 14, 2000); *Holmes v. Cockrell*, 4:02cv3486 (S.D. Tex. Oct. 1, 2002), *appeal dismissed*, 73 F. App'x 79 (5th Cir. June 24, 2003) (both the lawsuit and appeal dismissed as frivolous). Because he has filed at least three lawsuits or appeals that were dismissed as frivolous, malicious, or fails to state a claim upon which relief may be granted, he may not proceed *in forma pauperis* unless he was under imminent danger of serious physical injury

1

at the time he filed the lawsuit. 28 U.S.C. § 1915(g). In light of his history of frivolous litigation, the Northern District of Texas recently dismissed a civil rights lawsuit filed by him pursuant to the "three strikes" provisions of § 1915(g). *Holmes v. Texas Tech University Health Science Center*, No. 2:16-CV-0260 (N.D. Tex. Dec. 7, 2016) (no appeal).

Mr. Holmes initially complains in his objections that his claims against some of the Defendants were severed from the lawsuit and transferred to another court. The claims were properly transferred because he complained about events that occurred at a unit in another division. Venue was proper in the other court under 28 U.S.C. § 1391(b).

Nonetheless, regardless of whether the transfer order was appropriate, Mr. Holmes' lawsuit should be dismissed pursuant to the "three strikes" provisions of § 1915(g). He complains in his objections that he suffers from two potentially fatal diseases, Peripheral Vascular Disease and Hypothyroidism, but he has not shown that he was under imminent danger of serious physical injury at the time he filed the lawsuit in order to trigger the exception to § 1915(g). The Northern District of Texas came to the same conclusion in dismissing his medical claims in *Holmes v. Texas Tech University Health Science Center*. It should be further noted that Mr. Holmes' primary complaint in this lawsuit concerns religious issues, and he has not shown that such claims should not be dismissed for purposes of *in forma pauperis* proceedings pursuant to § 1915(g).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Holmes to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr.

Holmes' objections lack merit  Therefore the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.   It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g).   It is further

**ORDERED** that Mr. Holmes' motion to proceed *in forma pauperis* (Dkt. #3) is **DENIED**. Mr. Holmes may resume the lawsuit if he pays the entire filing fee of $400 within thirty days after the entry of the Final Judgment.   It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **May, 2017.**

_____
Ron Clark, United States District Judge